Dear Ms. Koury:
This is in response to your request for an opinion of this office concerning Senate Bill 129, a joint resolution, which proposes to amend Article VIII, Section 13(D) of the Louisiana Constitution relative to municipal school systems.
Currently, Paragraph D reads as follows:
 § 13. Funding; Apportionment
 (D) Municipal School Systems. For the effects and purposes of this Section, the municipalities of Monroe in Ouachita Parish, and Bogalusa in Washington Parish, and no others, shall be regarded and treated as parishes and shall have the authority granted parishes.
The proposed amendment reads as follows:
 (D) Municipal School Systems. For the effects and purposes of this Section, the school system operated in Wards 9, 10, and 11 of Rapides Parish, and the municipalities of Baker in East Baton Rouge Parish, Monroe in Ouachita Parish, and Bogalusa in Washington Parish, and no others, shall be regarded and treated as parishes and shall have the authority granted parishes.
The proposition for the official ballot points out that the amendment would grant the status of parishes to the Rapides Parish Wards 9, 10, and 11 and to the City of Baker school system. There is no proposed change for Monroe or Bogalusa School Systems which are already under Paragraph D and would continue thereunder.
Your question is, in view of Article XIII, Section 1(C) of the Louisiana Constitution, how it will be determined whether the amendments are properly ratified by the respective affected electorates.
Article XIII, Section 1(C) provides in pertinent part as follows:
 (C) Ratification. . . . A proposed amendment directly affecting not more than five parishes or areas within not more than five parishes shall become part of this constitution only when approved by a majority of the electors voting thereon in each affected parish. However, a proposed amendment directly affecting not more than five municipalities, and only such municipalities, shall become part of this constitution only when approved by a majority of the electors voting thereon in the state and also a majority of the electors voting thereon in each such municipality. (Emphasis supplied).
It is our opinion that the proposed amendment directly affects only two parishes, or areas in two parishes, Rapides Parish and East Baton Rouge Parish. We reach this conclusion because currently the school systems of Rapides Parish and East Baton Rouge Parish are presently under the jurisdiction and control of the respective parish school boards of those parishes. Any proposal to change, diminish or transfer the power or territorial jurisdiction from those parish-wide boards directly affects those parishes as a whole.
Accordingly, in order for the proposition to gain approval, a majority of the electors voting thereon in the state, and in each affected parish must vote in favor of the proposition. Although the proposed amendment would affect only one municipality, there is a question as to whether it must gain approval in the City of Baker. In our opinion, it need not receive that approval. The last sentence of Article XIII, Section 1(C) is inapplicable because the proposed amendment would effect local areas (Wards 9, 10, and 11 of Rapides Parish) other than the City of Baker and the exclusionary language emphasized in the quote above exempts the proposition from municipal approval.
Furthermore, because the proposition cumulates provisions affecting multiple local governing subdivisions of the state, and because Paragraph C requires approval state-wide and each affected parish, we are of the opinion that the provisions of the proposed amendment are not severable. That is to say, that there may not be a partial approval and partial rejection; e.g., approval state-wide and approval in Rapides Parish, but failure in either East Baton Rouge Parish or Rapides Parish will constitute a complete rejection. For the proposal to be adopted there must be voter approval state-wide, in Rapides Parish, and in East Baton Rouge Parish.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KENNETH C. DEJEAN GENERAL COUNSEL
KCD:ams
cc: Honorable Fox McKeithen
Ms. Constance A. Koury Executive Counsel to the Governor P.O. Box 94004 4th Floor, State Capitol Baton Rouge, LA 70804-9004
DATE RECEIVED:
DATE RELEASED: July 7, 1995
KENNETH C. DEJEAN GENERAL COUNSEL